## BAILEY *v.* ROSS.

If one receive goods under color of a sale, but with a secret trust to deliver them to the vendor, and he deliver them accordingly, he is not liable as trustee in a process afterwards commenced.

Where one receives property under such circumstances, he has not a lien upon any portion thereof remaining in his hands for a claim against the vendor, but may be charged therefor in a process of foreign attachment.

FOREIGN ATTACHMENT. The facts shown by the trustee in his disclosure are as follows: On the 21st of November, 1847, the trustee purchased of Ross a lot of beer bottles, and articles used in the making of beer, at the price of twenty-five dollars, their full value, in good faith, without any trust or understanding that it was to prevent attachment. He took a bill of parcels of them, but in this bill were enumerated also certain other articles, to wit: sugar, and vinegar, and soap, and soap-making apparatus, which the trustee did not purchase. Ross added these articles, and said he wished the trustee to keep them a few days, and then send them to him at Boston, and said

that one Elkins had an unjust claim against him, and he wished to keep those articles from him. The price put in the bill for the whole of the articles was one hundred dollars, as the trustee says to aid him in the sale of the articles he purchased. The articles not purchased were after a few days sent to Ross at Boston, as agreed, except the vinegar, which is of little or no value, and the sugar, which was worth two or three dollars only, and which the trustee says were not to be so sent, and are not enough to compensate him for his trouble in regard to the other articles. The plaintiff's writ is dated March 28, 1848.

The trustee is to be discharged or charged for such sum as the court may adjudge.

It was ordered that the questions arising on the foregoing case be reserved and assigned for the decision of the justices of the Superior Court.

*Cross*, for the plaintiff.

*W. C. Clarke*, for the trustee.

WILCOX, J.   There seems no sufficient ground to charge the trustee with any improper conduct or motive in regard to the bottles and other articles used in the making of beer.   They were purchased for a purpose perfectly lawful, for anything that appears, and paid for.

There was a secret trust with respect to the other things, which rendered the sale void as against creditors, and would have subjected them to process had they been found under the cover of such a sale; or the party in possession might have been charged as trustee of the pretended vendor. But he has parted with most of them in a manner that wholly discharges him, according to the authority of the cases. He has delivered them to the fraudulent debtor himself. *Hutchins* v. *Sprague*, 4 N. H. 469.

As to the small articles remaining in his hands, however,

he is chargeable, and it is no defence that he has a claim upon the principal defendant for a larger sum than the value of them. *Allen* v. *Magguire,* 15 Mass. 490.

*Trustee charged in the sum of* $3.